HELLER EHRMAN LLP
Michael L. Charlson (MC-2378) (Cal. Bar 122125)
Kevin A. Burke (KB-0580)
7 Times Square
New York, New York 10036
Phone: (212) 832-8300
Fax: (212) 763-7600

*Attorneys for defendants Threshold Pharmaceuticals, Inc.,*
*Harold E. Selick, and Janet I. Swearson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, | Civil Action No.: 07 CV 6227 JSR Consolidated with 07 CV 6490 JSR |
| Plaintiff, | |
| v. | CLASS ACTION |
| THRESHOLD PHARMACEUTICALS, INC., HAROLD "BARRY" E. SELICK and JANET I. SWEARSON, | REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................. 1

II.   Argument ...................................................................................................... 2

    A.    The Convenience of Witnesses Weighs Heavily in Favor
          of Transfer. ...................................................................................... 2

        1.    The Witnesses Whose Testimony Is Most Relevant
               To This Case Are Located In Northern California ............................. 2

        2.    Plaintiffs' Speculation That Broad Categories Of
               Non-Party Witnesses May Exist Should Not Factor
               Into The Court's Analysis. ................................................................. 5

    B.    Defendants Have Clearly Demonstrated That The Locus of
          Operative Facts Is In The Northern District Of California. ......................... 7

    C.    The Plaintiffs' Choice Of Forum Is Not A Persuasive
          Factor In This Case ..................................................................................... 8

    D.    Plaintiffs' Speculation That Some Documents May Be In
          New York Does Not Militate Against Transfer. .......................................... 9

III.  Conclusion ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Albert Fadem Trust v. Duke Energy Corp.*
214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) ............................................................... 2

*Canale v. Manco Power Sports, LLC,*
Case no. 06 CIV 6131, 2007 U.S. Dist. LEXIS 60992, at *10 (S.D.N.Y. Aug. 20, 2007) .... 4, 5

*DiRienzo v. Philip Servs. Corp.*,
294 F.3d 21, 24 (2d Cir. 2002) ................................................................. 9

*In re Collins & Aikman Corp. Sec. Litig.*,
438 F. Supp. 2d. 392, 396 (S.D.N.Y. 2006) ............................................... 9

*In re Connetics Sec. Litig.*,
Case no. 06 CIV 11496, 2007 WL 1522614 (S.D.N.Y. May 23, 2007) ................... 4

*In re Geopharma Sec. Litig.,*
Case no. 04-civ-9463, 2005 U.S. Dist. LEXIS 8885, at *5 (Sept. 30, 2005) ........... 9

## STATUTES

28 U.S.C. §1404(a) ................................................................................. 10

Private Securities Litigation Reform Act
15 U.S.C. § 78u-4(b)(3)(B) ................................................................. 5

## I.     INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion To Transfer (the "Opposition" or "Opp.") relies on essentially two facts: (1) three of the many clinical trial sites for TH-070 were in New York state, Opp. at 2, 6, 8, 11, and (2) some underwriters for Threshold's IPO and follow-on offering were located in New York City, *id.* at 2, 6, 8-10.  Neither fact alters the Section 1404(a) analysis presented in Defendants' opening brief ("Motion" or "Mot.") establishing that this action should be transferred to the Northern District of California.

To begin, the fact that three of 30 sites in one of the multiple TH-070 clinical trials were in New York does not change the undisputed facts that all of the clinical trials were managed from, and that all of the trials' data were transmitted for analysis to, Threshold's Redwood City, California headquarters, or that much of the relevant work there was performed by persons who still live in Northern California but who are no longer employed by Threshold.  But Plaintiffs' point about New York trial sites is more fundamentally flawed, because none of the patients whose liver enzyme abnormalities led to the FDA's partial clinical hold on TH-070 were from the New York clinical trial sites.  Plaintiffs do not (and could not) allege otherwise.

As to the underwriters, who are associated with at most two of the 11 alleged misstatements, Plaintiffs offer nothing to suggest that these people would have *any* relevant testimony on the central issue in this case – whether and when clinical data showed potential liver toxicity problems with TH-070 – much less that they could be witnesses as or more important than Threshold's clinical employees.  Moreover, Plaintiffs ignore that the underwriters who worked on Threshold's offerings were in Northern California as well as New York.

Unable to articulate any meaningful nexus between their allegations and the Southern District of New York, Plaintiffs argue that the Court should defer to their decision to file in this District.  Opp. at 5-6.  But they cannot dispute that their choice is entitled to reduced deference in a representative action like this one where the named plaintiff's role is so limited.  Moreover, it is telling that Plaintiffs eschewed the opportunity afforded by their Opposition to provide the

1

Court with the simplest fact relating to their forum-choice argument – the named Plaintiffs'
residences.  On the record before the Court, nothing suggests that Plaintiffs have any connection
whatsoever with New York or this District, save that they filed their complaints here.

Contrary to Plaintiffs' assertions, Defendants do not argue that there should be an
"automatic transfer" of securities cases to the issuer's headquarters.  *See* Opp. at 2.  Instead,
Defendants have submitted detailed evidence that bears on the nine factors that guide this
Court's analysis.  *See Albert Fadem Trust v. Duke Energy Corp.,* 214 F. Supp. 2d 341, 343
(S.D.N.Y. 2002); Mot. at 5-6.  Defendants' evidence, which Plaintiffs do not dispute with
admissible evidence of their own, clearly and convincingly shows that Defendants' ability to
defend this case through trial will be materially handicapped by keeping this case in the Southern
District of New York because, among other things, many of the most important witnesses are
people who would not be subject to subpoena in this District and are no longer employed by
Threshold such that Threshold could compel their attendance at trial.  This case should be
litigated in Northern California, where the relevant events occurred and where the witnesses to
those events reside.

## II.    ARGUMENT

### A.    The Convenience of Witnesses Weighs Heavily in Favor of Transfer.

#### 1.    The Witnesses Whose Testimony Is Most Relevant To This Case Are Located In Northern California.

Defendants' motion establishes that virtually all of the witnesses likely to be central to
the apparent issues in this case reside in the Northern District of California.  Mot. at 7-8, 10-11
(citing evidence).  Among these critical witnesses are seven individuals who had key roles in the
TH-070 development program and still reside in Northern California, but who have since left
Threshold and thus cannot be compelled to attend trial in this District.  These include the former
Project Manager for TH-070, the former Co-Team Leader for TH-070, the former Vice President
of Clinical Affairs, the former Clinical Program Manager, the former Director of
Pharmacovigilance/Safety, the former Senior Director Clinical, Urology, and the former Senior

Scientist, Process Development. *Id.* at 10-11; Reyes Dec. ¶ 4.[1]

Plaintiffs do not dispute Defendants' evidence. Instead, they respond with two unsupported assertions. First, Plaintiffs say that the relevance of these identified witnesses is unclear and the nature of their testimony a mystery. Opp. at 7. The argument rings hollow. For example, the Company's former Chief Medical Officer, Dr. Alan Colowick, was not only, as his title indicates, in charge of Threshold's drug development programs during the relevant time period, he was – as Plaintiffs themselves have alleged – a participant in the May 11, 2006, investor conference call that supposedly failed to apprise the market of material facts. *See Twinde* Compl. ¶¶ 43-45 (quoting Dr. Colowick); *Gilbert* Compl. ¶ 30 (same).[2] Plaintiffs quote Dr. Colowick's statements in a number of challenged press releases as well. *See Twinde* Compl. ¶¶ 32 (June 27, 2005, press release), 34 (August 8, 2005, press release); *Gilbert* Compl. ¶¶ 21, 23 (same). Given Plaintiffs' own allegations, much less Defendants' undisputed evidence, there can be no serious dispute that Dr. Colowick will be a central witness.

The same is true of other former clinical employees identified in the Reyes Declaration. Plaintiffs' allegations place squarely at issue the information that was known to the TH-070 development program team. *Twinde* Compl. ¶ 48; *Gilbert* Compl. ¶ 6. It is accordingly disingenuous for Plaintiffs to suggest (without evidence) that some question exists regarding whether testimony from the TH-070 development program's Project Manager and Team Leader, or the Company's Vice President of Clinical Affairs, Clinical Program Manager, or Director of Pharmacovigilance/Safety, would be important. As these employees' positions make evident, they were responsible for – and their testimony would relate to – the development and safety of

---

[1] "Reyes Dec." refers to the declaration of Jeannine Reyes filed with Defendants' Motion to Transfer Venue. *See* Docket no. 20.

[2] *"Twinde* Compl." refers to the complaint filed July 5, 2007 in *Twinde v. Threshold Pharm., et al.* (Case no. 07 CV 6227) and *"Gilbert* Compl." refers to the complaint filed July 10, 2007 in *Gilbert v. Threshold Pharm., et al.* (Case no. 07 CV 6490). By its order of August 13, 2007, the Court consolidated the cases.

TH-070.  *See also* Reyes Dec. ¶ 4 (establishing that each identified former employee was responsible for aspects of the TH-070 development program).

Plaintiffs' second contention is that Defendants are required not only to identify but to provide the *names* of potential witnesses who reside in the Northern District of California.  Opp. 7, n. 6.  For this proposition Plaintiffs rely on language from Judge Leisure's recent opinion in *Canale v. Manco Power Sports, LLC,* Case no. 06 CIV 6131, 2007 U.S. Dist. LEXIS 60992, at *10 (S.D.N.Y. Aug. 20, 2007).  *Canale* does not require defendants to identify witnesses by name.  In *Canale,* the moving party argued generally that non-party witnesses were "more likely to be" in the Northern District of New York, describing those non-party witnesses in a footnote as follows:

> Such as non-party witnesses to the (i) the [go-kart] accident, (ii) Joshua Canale's use of the kart, (iii) training Joshua Canale received regarding the kart, (iv) communications with Joshua Canale's parents during the purchase and sale of the kart, (v) statements made to medical or other personnel, etc.

Burke Dec. Ex. A at 3-4.[3]  Branding this unsupported contention "speculation" "that certain broad classes of non-party witnesses may exist," Judge Leisure held that the moving party had failed to provide the court with any information to evaluate the convenience of witnesses factor.  *Canale,* at *11.  The record here is very different.  Defendants have provided sworn evidence that Plaintiffs do not rebut and that clearly identifies the witnesses by title and function at Threshold and that explains their relevance to the case (even if it does not broadcast their names).  Nothing in *Canale* suggests that Defendants need do more at this juncture.[4]

---

[3]  "Burke Dec." refers to the Reply Declaration of Kevin A. Burke, filed with this Memorandum.

[4]  Equally misleading is Plaintiffs' suggestion in two footnotes that *In re Connetics Sec. Litig.,* Case no. 06 CIV 11496, 2007 WL 1522614 (S.D.N.Y. May 23, 2007), suggests a need for evidence beyond what Defendants have submitted.  Opp. at 7 n.6 & 12 n.8.  As in *In re Connetics,* Defendants have submitted declarations of individual defendants and Company employees identifying the location of witnesses involved with the preparation of press releases, registration statements, and investor conference calls as well as management of the TH-070 development program.  *See* Reyes Dec. ¶ 4; *See also* previously submitted Cathleen P. Davis Dec. ¶¶ 7-8, 11-16; Harold E. Selick Dec. ¶ 1; Janet I. Swearson Dec. ¶ 1.  Defendants have also

The point made by Judge Leisure in *Canale* is that a party moving for a Section 1404(a) transfer cannot carry its burden simply by asserting that the convenience of witnesses favors transfer. Rather that party must provide the Court with *evidence* upon which the assertion can be evaluated. Defendants have done precisely that, without any contrary showing from Plaintiffs. And the evidence demonstrates that the convenience of witnesses strongly favors transfer.[5]

### 2. Plaintiffs' Speculation That Broad Categories Of Non-Party Witnesses May Exist Should Not Factor Into The Court's Analysis.

Ironically, having quoted *Canale,* Plaintiffs proceed to do precisely what that case prohibits. Without any evidence, Plaintiffs assert:

> [T]here are numerous other key non-party witnesses – such as: (i) the underwriters of the IPO and the Follow-on Offering; (ii) analysts; (iii) investor conference organizers and attendees; and (iv) hospital employees where the clinical studies took place – all of whom are located in this District or in close proximity to it.

Opp. at 6. Placing to one side that *Canale* condemned just this sort of impermissibly general description of purported witnesses, Plaintiffs offer *no* explanation as to how unspecified individuals who might fall into these categories could be relevant to this case, much less how they could be more important than the group of Threshold employees identified by Defendants – all of whom participated in and witnessed the core activity challenged in the Complaints.

This is nowhere more clear than with Plaintiffs' speculation that unspecified hospital employees where clinical trials took place could be witnesses. None of the patients who exhibited the liver-related symptoms that underlay the FDA's partial clinical hold order were from clinical trial sites in or around the Southern District of New York or resided in or around

---

provided evidence that many of these individuals are former employees no longer within Threshold's control. Reyes Dec. ¶¶ 3-4.

[5] If the Court concludes that the names of the employees identified in Defendants' Motion are relevant, Defendants would be willing to provide the Court with that information. However, given the discovery stay mandated by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), Defendants request that any such information be submitted *in camera.*

New York City.  Kroll Dec. ¶¶ 3-4.[6]  It is therefore unlikely that any unspecified "hospital employee" in this District would be a witness at all, much less an important one.

Nor is there a particular reason to believe that "analysts" or "investor conference attendees and organizers" will provide relevant or important testimony.  Notably, Plaintiffs do not point to any analyst report created in New York or any investor conference occurring in New York that bears on their claims.  Indeed, the Complaints are devoid of any allegations about analyst reports or investor conferences.  All Plaintiffs offer is an unauthenticated list of analysts who purportedly followed Threshold.  Opp. at 6, n. 5.  This proves nothing.  The mere fact, if fact it be, that some analysts who may have been from New York followed Threshold does not mean that these people have any evidence relevant to the case.  By contrast, the witnesses that Defendants point to are without question people who have information central to the case.

Plaintiffs' assertions about underwriters are equally unavailing.  As an initial matter, nine of the 11 sources of allegedly misleading statements challenged in Plaintiffs' complaints are Company press releases and other statements that have nothing to do with underwriters.  But even as to the other two sources of challenged statements – registration statements with which underwriters had some contact – the information alleged to be missing from those documents concerns TH-070 clinical trial results and liver toxicity.  The unstated proposition in Plaintiffs' opposition appears to be that testimony by underwriters who facilitated two offerings of Threshold securities in April and October 2005 (in part from offices in the San Francisco Bay Area) will be more germane to the question of whether and when TH-070 clinical data showed evidence of liver toxicity than the testimony of the clinical employees who monitored those data throughout the trials.  Again, Plaintiffs offer no support for this suggestion, and it is at best counterintuitive.  And even if the proposition itself had support, which it does not, Plaintiffs offer no reason to assume that it is the underwriter employees in New York rather than those in San

---

[6] "Kroll Dec." refers to the Reply Declaration of Stewart Kroll, Threshold's Vice President of Biostatistics & Clinical Operations, filed with this Memorandum.

6

Francisco, who would have this supposedly important testimony.  Davis Dec. ¶¶ 9-10.

      **B.**      **Defendants Have Clearly Demonstrated That The Locus of Operative Facts Is In The Northern District Of California.**

      Plaintiffs do not dispute that all of the challenged statements on which this action is premised were prepared in and issued from the Northern District of California and that all of the clinical trials of TH-070 were overseen from the Northern District of California.  *See* Davis Dec. ¶¶ 7-8, 11-16.  Nor do they attempt to rebut the case law cited by Defendants that indicates such facts make the Northern District of California the "locus of operative facts" for purposes of Section 1404(a).  *See* Motion at 9-10 (citing cases).

      Instead, Plaintiffs point to several supposed "facts," which they claim show Defendants "had substantial ties to New York."  Opp. at 11.[7]  But whether or not ties are "substantial" is a question directed to jurisdiction, not convenience.  In any event, the slightest scrutiny demonstrates that Plaintiffs' supposed "facts" are hardly the operative ones.

      For example, Plaintiffs claim that investors were instructed to obtain copies of the prospectuses for Threshold's IPO and follow-on offering from the New York offices of CIBC and Morgan Stanley, respectively.  Opp. at 10.  But the suggestion that someone employed in New York by the underwriters played an unspecified role in fulfilling investor requests for a copy of these documents fails to address the core question of whether any substantive preparation of the prospectuses occurred in New York, let alone whether any substantive knowledge concerning Threshold's clinical trials (or public statements about them) might reside in this District.  Put another way, the distribution of those prospectuses is not the critical dispute; it is their substance.  And that substance was prepared in Northern District of California.  Davis Dec. ¶¶ 7-8.  Likewise, Plaintiffs' claim that Threshold's President and CEO attended unspecified "conferences" in New York City in April 2005, Opp. at 10, is irrelevant as none of

---

[7]  Plaintiffs' supposed evidence for all of these "facts" is unauthenticated and inadmissible.

the challenged statements cited in the Complaint was allegedly made at those conferences.[8]

Finally, Plaintiffs note that three sites for one of the TH-070 U.S. clinical trials were in New York state. Opp. at 11. Again, the point is unpersuasive. Plaintiffs do not dispute Defendants' evidence that all of the clinical trials were monitored and analyzed in Northern California. Davis Dec. at ¶¶ 15-16. This fact, particularly when combined with the also-undisputed fact that the complained-of disclosures all emanated from Threshold's headquarters in Northern California, is why the locus of this case is the San Francisco Bay Area. The location of the actual dosing is considerably less important, as even Plaintiffs elsewhere appear to concede. Opp. at 11 (noting that with the U.S. trial being conducted at sites in 17 states, the location of the trials should be viewed as a neutral consideration on this motion).

Even if the location of the trials was important, however, it would not weigh against transfer in this case. This is because, as noted above, none of the patients whose clinical data led to the FDA's partial clinical hold received their dosing at the New York sites. Kroll Dec. ¶¶ 3-4. Indeed, to the extent Plaintiffs' Complaints focus on clinical trials at all, it is on sites in Europe, not New York. *See Twinde* Compl. ¶¶ 3, 23-28.

**C.    The Plaintiffs' Choice Of Forum Is Not A Persuasive Factor In This Case.**

In Defendants' Motion, we showed that under relevant case law, Plaintiffs' choice of forum is not entitled to deference because (1) Plaintiffs do not appear to be residents of the Southern District of New York, (2) the facts upon which the Complaints are premised bear little relationship to the Southern District of New York, and (3) Plaintiffs purport to represent a nationwide class. Mot. at 12 (citing authority). Plaintiffs' Opposition effectively concedes all

---

[8] For similar reasons, the fact that the June 27, 2005, press release issued by Threshold invited readers to call a New York public relations agency, Opp. 11 at n. 7, is irrelevant. That the agency may have had some involvement with the press release does not make it "reasonable to assume," as Plaintiffs propose, that Threshold's May 19, 2005, and June 27, 2005, press releases (the only two challenged press releases that predated Ms. Davis' employment at Threshold) were prepared in New York, much less that any New York-based public relations employee has any relevant evidence to provide.

three points, rendering Plaintiffs' choice-of-forum discussion, Opp. at 5-6, inapposite.

First, Plaintiffs fail to make any representation to the Court regarding their own residences. Thus they essentially admit that they are not residents of the Southern District of New York, and they offer no other connection between themselves and this District either in their Opposition papers or their Complaints. Second, as discussed above, Plaintiffs do not articulate any meaningful connection between the conduct on which Defendants' alleged liability is based and the Southern District of New York. Finally, Plaintiffs themselves rely on authority that recognizes the *reduced* significance of a plaintiff's choice of forum where the plaintiff seeks to represent a nationwide class. *See In re Geopharma Sec. Litig.,* Case no. 04-civ-9463, 2005 U.S. Dist. LEXIS 8885, at *5 (Sept. 30, 2005).[9]

    **D.**    **Plaintiffs' Speculation That Some Documents May Be In New York Does Not Militate Against Transfer.**

Plaintiffs concede that a "significant number of the Company's corporate documents will likely be in California at the Company's headquarters." They speculate, however, that "there will be numerous relevant documents located in New York as well." Opp. at 8-9. Again, they offer no evidence of this. And in any event, the argument is simply a rehash of the same points about underwriters and clinical trial sites discussed above. Having admitted that the bulk of the relevant documents are in the Northern District of California, Plaintiffs effectively concede that this factor favors transfer. *See In re Collins & Aikman Corp. Sec. Litig.,* 438 F. Supp. 2d. 392, 396 (S.D.N.Y. 2006).[10]

## III.    CONCLUSION

For the foregoing reasons and the additional reasons set forth in Defendants' opening papers, Defendants respectfully request that the Court order this case transferred from the

---

[9] Plaintiffs' reliance on *DiRienzo v. Philip Servs. Corp.,* 294 F.3d 21 (2d Cir. 2002), is misplaced. *DiRienzo* considered a choice between Canadian and U.S. courts in a dispute involving the application of U.S. securities laws. *Id.* at 24.

[10] Plaintiffs do not dispute that the relative means of the parties and the forum's familiarity with the governing law are neutral factors. Opp. at 12-13.

Southern District of New York to the Northern District of California pursuant to 28 U.S.C.

§1404(a).

DATED: September 4, 2007          Respectfully submitted,

HELLER EHRMAN LLP

By  /s/ Kevin A. Burke                          

Michael L. Charlson (MC-2378) (Cal. Bar 122125)
Kevin A. Burke (KB-0580)
Times Square Tower
7 Times Square
New York, New York 10036
Phone: (212) 832-8300
Fax: (212) 763-7600

*Attorneys for Defendants*
*Threshold Pharmaceuticals, Inc., Harold E. Selick, and*
*Janet I. Swearson*

Of Counsel:

Laurence A. Weiss (Cal. Bar 164638)
Alexander M.R. Lyon (Cal. Bar 211274)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025
Phone: (650) 324-7000
Fax: (650) 324-0638

SV 2300353 v1
9/4/07 4:41 PM (40182.0017)